## Luzerne County *versus* Day.

23   141
131   316
23          141
20 SC ¹   6

1. A suit will not lie against a county for services rendered by a physician in making a post mortem examination at the request of the justice before whom the inquisition as to the cause of the death was held, until demand made upon the county commissioners and their neglect or refusal to draw an order on the county treasurer for payment, though the inquisition has been approved of by the Court.

2. The fact that the plaintiff who made the examination was a member of the inquest did not debar him from recovering for his services.

3. In case of demand and refusal an action for compensation for the service rendered could be maintained before a justice of the peace.

ERROR to the Common Pleas of *Luzerne county*.

This was an appeal from the judgment of a justice of the peace, in an action by J. L. Day *v.* The County of Luzerne; which was brought to recover for service rendered as a surgeon in a *post mortem* examination held before an inquest convened by a justice of the peace. The proceeding had been approved of by the Court. The plea was *non assumpsit*.

On the trial the Court charged, first, That the plaintiff might recover without proof of a previous demand upon the county com-

[Luzerne County *v.* Day.]

missioners.   That the inquisition and its confirmation by the Court
entitled him to recover on proof of performance of the service.
Secondly, The Court charged that the plaintiff might recover
though he was a member of the inquest convened to examine into
the cause of the death.

Verdict was rendered for the plaintiff for $18

The portions of the charge above referred to, were assigned for
error; and thirdly, that the Court had not jurisdiction of the suit,
—"that the cause of action primarily depended upon the approba-
tion of a Court of record."

By Act of 27th May, 1841 (*B. Purdon* 498), it is provided that
"in all cases where by law the coroner of any county is required
to hold an inquest over a dead body, it shall be lawful for a justice
of the peace of the proper county to hold the same, where there
is no lawfully appointed coroner, or he is absent from the county,
unable to attend, or his office is held more than ten miles distant
from the place where the death occurred or the body found; and
said justice shall have like power to select, summon, and compel
the attendance of jurors and witnesses, and shall receive like fees
and tax like costs; and the inquest shall have like force and effect
in law.   Provided, that no fees or costs shall be allowed or paid
said justice or inquest, until the proceedings are submitted to the
Court of Quarter Sessions of the proper county, and said Court
shall adjudge that there was reasonable cause for holding said
inquest, and approve of the same."

*H. Wright*, with whom was *C. E. Wright*, for the plaintiff in
error.—The demand could be paid only by an order on the county
treasurer, and the policy of the law required a demand to be made
for an order before suit brought.

There would be no right to demand until approbation and
adjudication of the Court of Quarter Sessions, and the claim would
then be demandable by virtue of the adjudication of the Court;
and a justice had not jurisdiction: 7 *Watts* 314.

*Stout*, for the defendant in error.—The bringing of an action
was a sufficient request: 1 *Ch. Pl.* 288; 2 *Stark. Ev.* 95; 1
*Saunders Pl. & Ev.* 211; 2 *Brod. & Bing.* 23; *Stark. Ev.* 92. The
commissioners should have taken notice of the approbation by the
Court of the inquisition.  It was said that demand *was* made upon the
commissioners before suit, but no proof of it was given on the trial.

2. It was testified that the *post mortem* examination was made
at the request of the justice;—the plaintiff was entitled to com-
pensation for his service: 3 *Barr* 465, Allegheny County *v.* Watts.

3. By the Act of May, 1841, the Court is not to approve of *the
bill of costs;* but whether there was reasonable cause for holding
the inquest.   The coroner has power to bind the county for such

[Luzerne County *v.* Day.]

service : 3 *Barr* 465 ; and so has the justice of the peace who convenes the inquest.

Justices of the peace have jurisdiction of causes of action arising from contract express or implied : *B. Purdon* 480. A justice has jurisdiction of a suit by an officer to recover his fees below $100, if suit be not brought till the determination of the suit in which the fees accrued.

The opinion of the Court was delivered by

KNOX, J.—The financial interests of a county are under the supervision and control of the county commissioners, who are required to pay all legal demands against the county by *warrants* drawn by them upon the county treasurer. This is the only mode of payment known to the law, and the claims are of such a multifarious character that it is impossible for the commissioners to know of their existence without presentation.

When a legal claim is presented for payment, it is the duty of the commissioners to draw their warrant for its payment. If this is refused, or if the order is not paid when demanded, a suit will lie against the county ; but until demand is made, neither the commissioners nor the county are in default, and without it a suit cannot be maintained.

The interests of the public would be greatly prejudiced by permitting suits to be brought before demand made ; but a contrary rule injures no one, as it is never expected that the warrants will be drawn until called for. The Court of Common Pleas held that a previous demand was unnecessary. This was erroneous. The other errors are not sustained.

Judgment reversed and *venire de novo* awarded.