## Commonwealth v. Burton.

*Poor Laws—Insane criminals—Townships—Acts of May 14, 1874, P. L. 160 and June 25, 1895, P. L. 270.*

Where a jury in a criminal prosecution finds a verdict of not guilty by reason of insanity, and specifies a township as the place of settlement of the defendant, and a rule is taken upon the overseers of the poor of the township to show cause why they should not pay the expenses of the defendant at the hospital for the insane, and at the hearing the record of the criminal proceedings is given in .evidence without objection by the overseers, the court may make an order directing the overseers to pay the expenses. In such a case evidence as to the prisoner's sanity and as to his property is immaterial.

Argued Oct. 15, 1900. Appeal, No. 3, April T., 1901, by Overseers of West Wheatfield Township Poor District, from order of Q. S. Indiana Co., Dec. T., 1899, No. 18, on Overseers of the Poor in case of Commonwealth v. John Burton. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule on overseers to show cause why they should not pay the expenses of an insane criminal. Before WHITE, P. J.

The facts are stated in the opinion of the Superior Court.

At the hearing on the rule the court excluded evidence as to the value and extent of the property of John Burton. [1–6]

The court made absolute the rule, and ordered the poor district of West Wheatfield to pay the expenses of John Burton at the hospital for the insane.

*Errors assigned* among others were (1–6) rulings on evidence, quoting the bill of exceptions. (9) The order of the court.

*D. T. Taylor*, with him *S. M. Jack*, for appellant.—The law

does not impose upon the court the duty of setting up a defense for the defendant, nor the burden of establishing it. Nor does the act of assembly provide that the jury shall determine the settlement of the defendant.

The trial of John Burton and his acquittal upon the ground of insanity was without notice to the poor district. The district not having been a party to that proceeding, the record should not have been received to affect it: McKendry v. McKendry, 131 Pa. 24 ; Morrison v. Mullin, 34 Pa. 12.

*S. J. Telford*, for appellee.—Where the court of quarter sessions directs an insane person to be committed to the Pennsylvania State Hospital, as unsafe to be at large, the overseers of the poor of the proper township, are liable for the maintenance of such lunatic : Franklin Twp. v. Pa. State Lunatic Hospital, 30 Pa. 522; Lower Augusta Twp. v. Northumberland Co., 37 Pa. 143 ; Clearfield County v. Cameron Twp. Poor District, 135 Pa. 86.

The county is not a poor overseer, and is not made such where a poor district can be found whose duty it is to assume the burden : Clearfield County v. Cameron Township Poor District, 135 Pa. 86.

OPINION BY BEAVER, J., January 22, 1901 :

It may be doubted whether the appellants, the overseers of the poor of West Wheatfield township poor district, were in any way bound by the verdict of the jury which found the defendant, Burton, not guilty, by reason of insanity, and further found that " West Wheatfield township is the place of settlement of the defendant." They were not parties to the prosecution in any way, and had no opportunity to be heard. A rule being granted upon them, however, " to show cause why such poor district shall not pay the costs and expenses of this proceeding and the expenses of a maintenance at a state hospital for the insane at Warren," they were duly served and responded. It seems that the costs of the prosecution were paid out of funds belonging to the defendant which were brought in some way within the control of the court, so that the rule was simply to determine the liability of the township for the maintenance of the insane man.

The decree of the court, from which the appeal is taken, is as follows: "And now, April 28, 1900, the rule heretofore granted on the overseers of the poor of West Wheatfield township, to show cause why they should not pay the expenses of maintenance of John Burton at the hospital for the insane to which he was committed, is made absolute, and it is decreed that said poor district of West Wheatfield was, at the time of his acquittal by reason of insanity, his place of legal settlement, and we further decree that such poor district is liable for the expenses of his removal to and maintenance in the hospital to which he is committed, and that the said poor district pay the costs of this hearing." There is here no decree to pay the costs of the trial in the court of quarter sessions. There is, however, a specific decree that said poor district of West Wheatfield was at the time of his acquittal, by reason of insanity, his place of legal settlement. The appellants had the opportunity at this hearing to be heard upon that question. The record of the proceedings in the quarter sessions was given in evidence and was received without objection on their part. If there had been any doubt upon the subject, however, the appellants' own testimony settled the question of the place of legal settlement.

The only question in the case, as we conceive, arises under the Act of May 14, 1874, P. L. 160. Under the second section of that act, the court had authority "where any person who may have committed any criminal act and is dangerous to the community shall be found to be insane in the manner provided by law . . . . to commit (such person) to either of the hospitals for the insane," etc. The verdict of the jury found, in a manner provided by law, that the defendant was insane. It was not necessary, therefore, to appoint any commission to determine that question. The verdict of the jury settled it, and the court, we take it, had authority to commit the person to the hospital "for so long time as such person shall continue to be of unsound mind."

Under such circumstances, it is provided by the 5th section of this act "that the expenses incurred for the removal of any insane person from a place of imprisonment to any hospital, or for their removal from such hospital, in pursuance of the provisions of this act, and of his or her detention, maintenance and care in the said hospital, shall be chargeable to and paid by the

commissioners of the county in which the alleged crime with which he or she was charged was committed, and the said commissioners shall have remedy over against the poor district liable under existing laws, or against the estate and effects of every such prisoner for the reimbursement of such expenses to the said county." The Act of June 25, 1895, P. L. 270, provides : "That where any person is or shall be committed to the care and custody of any hospital for the insane, by any court or judge in any county, in pursuance of the laws of this commonwealth, the county from which said person has been sent or committed to said hospital shall be liable to said hospital for his or her maintenance therein and the expenses connected therewith, provided that said county shall in all cases have full recourse to recover all expenses incurred in behalf of said person so committed from the parties or persons or poor district properly chargeable therewith under the laws of this commonwealth."

The commissioners of the county of Indiana apparently elected to proceed against the township in which the insane person had his last legal settlement. Under both of these acts of assembly, they would seem to have the right to make such an election, and it would seem as if the interests of the public might be better subserved by their doing so. The township authorities, having full power to resort to the property of the insane person for reimbursement, would have fuller knowledge of the extent and locality of such property and could much more readily appropriate it for the maintenance of the insane person than could the commissioners. Having made this election, the county was not interested in the question of the property of the insane person and we, therefore, see no error in sustaining the objections to the several offers of testimony relating to that subject made by the respondents. The court seems to have acted throughout under the provisions of the acts of 1874 and 1895, supra, which were fully complied with. See Clearfield Co. v. Cameron Twp. Poor District, 135 Pa. 86. It is not necessary, therefore, to consider the earlier acts of 1845 and 1861, to explain and simplify which the later acts were evidently passed.

The insanity of the defendant in the prosecution in the orphans' court was undoubtedly properly found, it being the special duty of the court to take care of the interests of such persons in a trial. There was no error, therefore, in sustaining the

objection to an offer relating to his sanity. On the whole, we see no error in the manner in which the hearing upon the rule was conducted, or in the decree which was finally made, from which the appeal is taken.

Decree affirmed and appeal dismissed at the costs of the appellant.