# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Boyle's Lunacy.

*Lunacy—Care of the insane—Insane criminals—Poor law—Acts of June 13, 1836, P. L. 589, April 14, 1845, P. L. 440, March 31, 1860, section 66, et seq., P. L. 445—Act of May 14, 1874, P. L. 160 and June 25, 1895, P. L. 270.*

The Act of June 25, 1895, P. L. 270, makes no change in the provisions of prior acts respecting insane criminals; it merely fixes the primary liability of the county, with the right of recourse to the persons or poor district chargeable with the maintenance of the lunatic, in all cases of commitment by a court or judge. The county may elect to proceed for reimbursement against the district of the lunatic's settlement, or the persons chargeable with his support. It may also, under the Act of May 14, 1874, P. L. 160, look to " the estate and effects " of the lunatic. Commonwealth v. Burton, 16 Pa. Superior Ct. 218, followed.

*Poor law—Practice, Q. S.—Findings of fact.*

There is no provision of law requiring findings of fact by the judge in proceedings under the poor laws, except on an appeal from an order of removal, when either party may " except to any decision of the court upon any point of evidence."

*Municipalities—Demand of payment—Pleading.*

A municipality, or quasi municipality, such as a county or other subdivision, is not bound to seek its creditors for the purpose of making payment, but they must seek the authorities charged with the duty of paying, and present their claims; and this is especially the case when the proper mode of making payment is by an order drawn on the treasurer. In such case, therefore, an action without a previous demand is prematurely brought, since there has been no default in payment. A defense based on such failure, however, is in the nature of a dilatory plea, in suspen-

sion only, and not in bar of the action. As such it should be presented at the outset.

Argued Jan. 15, 1902. Appeal, No. 60, Jan. T., 1902, by Central Poor District of Luzerne County, from order of Q. S. Luzerne County, June T., 1901, No. 395, making absolute rule to certify settlement of a lunatic, In re Lunacy of John Boyle. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why the central poor district of Luzerne county shall not be certified as the place of legal settlement of John Boyle, a lunatic, and why said poor district shall not reimburse the county of Luzerne for all lawful costs, charges and expenditures on behalf of the said lunatic, etc.

HALSEY, J., filed the following opinion:

The counsel representing the county of Luzerne and the said poor district have agreed upon the facts in this case:

1. That John Boyle, the lunatic, was tried for murder in the oyer and terminer and acquitted by reason of insanity on June 19, 1891, and thereafter committed to the hospital for the insane at Danville at the expense of the county of Luzerne. That at the time of his commitment, his place of legal settlement was in the central poor district of Luzerne county. 2. That in pursuance of said order, he was taken to the said hospital and there confined up to the present time at the expense of the said county. 3. That no demand was made or notice given to the central poor district of the claim for reimbursement now made by Luzerne county.

The rule in this case must be disposed of under the case of Commonwealth v. Burton, 16 Pa. Superior Ct. 218. The payment made by the county of Luzerne was a compulsory one under the Act of June 22, 1895, P. L. 270. Therefore, we cannot find as requested by the respondent that it was a voluntary payment on the part of the county of Luzerne. It is not necessary and a prerequisite to the act of 1895, supra, that the lunatic shall have been found to be a poor person under the statutes governing the care and control of the poor, before the county of Luzerne could proceed against the poor district. The statute is general, that where any person shall be

**1, (1902).]** Opinion of Court below—Opinion of the Court.

committed to the care and custody of any hospital for the insane in pursuance of the laws of this commonwealth by any court or judge, the county from which said person has been sent or committed to said hospital shall be liable to said hospital for his or her maintenance therein and the expenses connected therewith, provided that said county shall, in all cases, have full recourse to recover all expenses incurred in behalf of said person so committed from the parties or persons or poor district properly chargeable therewith under the laws of this commonwealth. It is ruled in the case of the Commonwealth v. Burton, supra, that the commissioners can make an election as to who they shall proceed against in the first instance, whether from parties or persons or poor district properly chargeable therewith. They have selected in this instance to proceed against the poor district.

Rule absolute.

*Error assigned* was the order of the court.

*D. L. O'Neill,* for appellant, cited : Com. v. Burton, 16 Pa. Superior Ct. 218; Lawrence Twp. Overseers v. Tioga County Overseers, 12 Pa. C. C. Rep. 305; Central Poor District v. Pittston, etc., Poor District, 7 Kulp, 199; Evans v. Erie County, 66 Pa. 228; Mahoning Poor District v. Montour County, 75 Pa. 35.

*G. J. Clark,* for appellee, cited : Montgomery County v. Nyce, 161 Pa. 82; Com. v. Darr, 11 Pa. Superior Ct. 74; Com. Burton, 16 Pa. Superior Ct. 218.

OPINION BY SMITH, J., March 14, 1902 :

By the Act of June 13, 1836, P. L. 589, a person charged with any crime or misdemeanor, and acquitted on the ground of insanity, was to be "kept in strict custody, in such place, and in such manner, as to the court shall seem fit, at the expense of the county in which the trial was had ; " and the place to which he was chargeable, under the poor laws, was, "after notice of his detention as aforesaid," made "liable for all costs and expenses as aforesaid."

The Act of April 14, 1845, P. L. 440, establishing a state

hospital for the insane, directed the committal thereto of any person charged with an offense punishable by imprisonment or death and found insane, "in the manner now provided by law." It made the county of his residence primarily liable for the expense; but directed the court to certify to the trustees his place of settlement, after due notice to the poor authorities of the district, and thereupon such district was made chargeable.

The Revised Code of Criminal Procedure of March 31, 1860, sections 66 to 70, re-enacted the provisions of the act of 1836.

The Act of May 14, 1874, P. L. 160, authorized the commitment to a hospital for the insane of "any person who may have committed any criminal act, and is dangerous to the community," and is found insane in the manner provided by law, "and in all cases mentioned in the 66th, 67th and 68th sections" of the act of 1860. It further provided that all expenses should be paid by the county commissioners, and that "the said commissioners shall have remedy over against the poor district liable under existing laws, or against the estate and effects of every such prisoner, for the reimbursement of the said expenses to the said county."

In June, 1891, John Boyle, indicted for murder in the oyer and terminer of Luzerne county, was acquitted on the ground of insanity, and committed to the state hospital for the insane at Danville, at the expense of the county. His place of settlement was not certified by the court, but, as admitted in the present proceeding, was the central poor district of Luzerne county. In August, 1901, the county having paid for the maintenance of the lunatic, began this proceeding for reimbursement by the poor district of his settlement.

Meantime the act of June 25, 1895, provided "that where any person is or shall be committed to the care and custody of any hospital for the insane by any court or judge in any county, in pursuance of the laws of this commonwealth, the county from which said person has been sent or committed to said hospital shall be liable to said hospital for his or her maintenance therein, and the expenses connected therewith, Provided, That such county shall, in all cases, have full recourse to recover all expenses incurred in behalf of said person so committed, from the parties or persons or poor district properly chargeable therewith under the laws of this commonwealth."

This makes no change in the provisions respecting insane criminals; it merely fixes the primary liability of the county, with the right of recourse to the persons or poor district chargeable with the maintenance of the lunatic, in all cases of commitment by a court or judge.

In Com. v. Burton, 16 Pa. Superior Ct. 218, upon a review of the statutory provisions on the subject by our Brother BEAVER, this court held that the county might elect to proceed, for reimbursement, against the district of the lunatic's settlement, or the persons chargeable with his support. It may also, under the act of 1874, look to "the estate and effects" of the lunatic. On the question of liability, the case in hand is not distinguishable, in any material aspect, from Com. v. Burton. Any question that might have arisen from the plaintiff's delay, growing out of a contest respecting the lunatic's settlement, is eliminated by the agreement of counsel, on the hearing below, that "at the time of his commitment his place of legal settlement was in the central poor district of Luzerne county." This district, therefore, is not prejudiced by the loss, through delay, of evidence by which a settlement elsewhere might have been shown. Whether defense may be made on the ground that recourse to the means of indemnity has been lost, through delay, by reason of the dissipation of the lunatic's estate, or the insolvency, death or removal of persons chargeable with his support, need not here be determined, since no such defense is presented or suggested.

The claim is contested, in the main, on the ground that no demand was made on the defendant district before the proceeding was commenced; and the first specification is that the court erred in refusing to find, as matter of fact, that no demand was made, or notice given of the intention of the county to claim reimbursement for the moneys expended, during a period of ten years, until after the commencement of the proceeding. There is, however, no provision of law requiring findings of fact by the judge in proceedings under the poor laws, except on an appeal from an order of removal, when either party may "except to any decision of the court upon any point of evidence." The complaint on this point, indeed, overlooks the circumstance that the opinion of the court below sets forth the facts agreed on by the counsel, one of which is

"that no demand was made or notice given to the central poor district of the claim for reimbursement now made by Luzerne county." But, as already said, we do not regard the claim as barred by laches, except so far as it may be affected by the statute of limitations.

There is, however, one aspect of the failure to make a demand before bringing suit, that should be noticed. A municipality, or quasi municipality, such as a county or other subdivision, is not bound to seek its creditors for the purpose of making payment, but they must seek the authorities charged with the duty of paying, and present their claims : and this is especially the case when the proper mode of making payment is by an order drawn on the treasurer: Luzerne County v. Day, 23 Pa. 141; East Union Twp. v. Ryan, 86 Pa. 459; Friend v. Pittsburgh, 131 Pa. 305. In such case, therefore, an action without a previous demand is prematurely brought, since there has been no default in payment. A defense based on such failure, however, is in the nature of a dilatory plea, in suspension only and not in bar of the action. As such it should be presented at the outset. Hence, in accordance with the established rules of pleading, when the matters of defense are set out at large in an answer, and the issue is formed on petition and answer, the absence of a demand should be averred in the answer. In the present case, the answer contains specific denials of the matters alleged in the petition, but no averment that demand has not been made. This point first appears in the facts agreed on by counsel, more than two months after the answer was filed, but with no direct intimation as to its bearing on the case. The defendant could have waived a demand, and defended on the merits, and, under the pleadings, must be regarded as having done this.

Judgment affirmed.