## Montour County *v.* Danville & Mahoning Poor District, Appellant (No. 2).

*Poor law—Lunacy—Criminal lunatic—Maintenance—Laches.*

In a proceeding by a county against a poor district to recover for the expense of the maintenance of a criminal lunatic in a state hospital for the insane, the poor district cannot complain of a judgment of the court of quarter sessions imposing upon it liability for all such expenses incurred within six years prior to the institution of the proceedings, although it appears that an interval of over thirteen years had elapsed between the date of the commitment and the removal, and the date of the filing of the petition in the proceedings; and this is especially the case where there is no proof that the poor district was injured by loss of evidence by which a settlement elsewhere might be shown, or by reason of the dissipation of the lunatic's estate, or the insolvency, death or removal of persons chargeable with the support.

Argued March 4, 1911. Appeal, No. 12, March T., 1912, by defendant, from judgment of Q. S. Montour Co., Jan. Sessions, 1910, No. 5, in case of Montour County v. Directors of the Poor of Danville & Mahoning Poor

276 MONTOUR COUNTY *v.* POOR DIS., Appellant (NO. 2).

Statement of Facts—Opinion of the Court.   [50 Pa. Superior Ct.

District.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Proceedings to compel Danville and Mahoning Poor District to reimburse Montour county for the expenses incurred in supporting William Silcox, a criminal lunatic, in a state hospital for the insane from April 15, 1899, to January 26, 1912.   Before EVANS, J.

The opinion of the Superior Court states the case.

The court made the following order:

1. And now, April 8, 1911, rule absolute, and it is adjudged and decreed that the place of legal settlement of William Silcox at the time of his commitment to the hospital was in the Danville and Mahoning Poor District.

2. And it is further ordered, adjudged and decreed that the Danville and Mahoning Poor District reimburse the county of Montour for all lawful costs, charges and expenditures incurred on behalf of said Silcox which accrued within six years immediately prior to the filing of the petition in this proceeding.   Payment thereof to be made after an itemized memorandum of the same shall have been approved by the court with notice to the respondent poor district.

*Error assigned* was the order of the court.

*C. R. Savidge*, with him *Wm. Kase West*, for appellant.

*F. Ikeler*, with him *Ralph Kisner* and *James Scarlet*, for appellee.

OPINION BY RICE, P. J., July 18, 1912:

William Silcox, being in jail, under sentence, was duly committed by the court of quarter sessions to the state hospital for the insane at Danville, at the expense of the county of Montour, pursuant to the report of a duly appointed commission of three persons that he was of un-

sound mind and unfit for penal discipline, and that his insanity was of such a character as to make him dangerous to others. The regularity of the commitment and the proceeding leading up to it is conceded; therefore, they need not be described in further detail. The date of the commitment was March 25, 1899; the date of the removal of Silcox to the hospital was April 15, 1899; and the present proceeding to have the respondent district adjudged and certified to be his legal settlement was instituted by petition of the county commissioners on January 26, 1912. The principal contention of the respondent district is, that the right of the county to resort to such proceeding was lost by its laches; or, to adopt the words of counsel, "the silent neglect of the county to act within a reasonable time has worked an injury and hardship to the poor district and the law of estoppel applies." It is to be noticed, as the learned judge of the quarter sessions points out, that the delay has inured to the benefit of the poor district because of his ruling that the part of the claim which accrued more than six years prior to the presentation of the petition was barred. It is to be noticed further, that the respondents do not allege, in their answer, that the poor district has been prejudiced by the loss of evidence by which a settlement elsewhere might have been shown, or by reason of the dissipation of the lunatic's estate, or the insolvency, death, or removal of persons chargeable with the support. But it is argued that, because these things may happen through such delay, the delay amounts to laches which bars even though no actual injury be affirmatively shown. We appreciate the force of the argument of counsel in support of this contention, but, even if it were a new question, we would be unable to go to the full extent to which the argument leads. The power exercised by the court in adjudging and certifying the legal settlement is not an equitable but statutory power, and to adopt the appellant's contention would be to establish, by judicial decision, an arbitrary limitation of time within which it must be exer-

cised which the legislature has not seen fit to prescribe. We do not deny that there may be such neglect or omission to invoke the exercise of this statutory power as, taken in conjunction with lapse of time, more or less great and other circumstances prejudicial to the poor district, would operate as a bar. But we are unable to discover any sound principle upon which it could be held by the courts that the mere lapse of time that occurred in this case, and that alone, would have that effect. Moreover, such conclusion would be in direct contravention of well-considered decisions directly on the point. In Clearfield County v. Cameron Twp. Poor Dist., 135 Pa. 86, more than nine years elapsed between the date of the commitment and the date of the institution of the proceeding to adjudge and certify the legal settlement; and apparently the argument was made that the commitment to the hospital for the insane of one who is charged with a criminal offense, and acquitted on the ground of insanity existing at the time of the commission of the alleged offense, must be made within the term. Upon this question Judge KREBS, whose opinion was adopted by the Supreme Court, said: "The commitment to the asylum, and the certifying the last place of legal settlement, are two distinct actions by the court. The welfare of the unfortunate, as well as the community, may require prompt and immediate action in the one case, while the court, by reason of want of knowledge of the facts, and often this knowledge is acquired after much trouble, is prevented from certifying the place of legal settlement. The right to act now cannot be defeated on the ground of res judicata; neither does the lapse of time, something akin to the statute of limitations, prevent this." Accordingly, the adjudication and certification of the legal settlement were made, and, upon appeal, the order was affirmed. In Boyle's Lunacy, 20 Pa. Superior Ct. 1, it appeared that a period of more than ten years elapsed between the commitment of Boyle, who had been acquitted of murder, on the ground of insanity, and the

institution of the proceeding to adjudge and certify his legal settlement, and to obtain reimbursement from the poor district of the amount which the county had paid for his maintenance. It was distinctly decided that the claim was not barred by laches. Judge SMITH, who rendered the opinion of this court, said: "In Com. v. Burton, 16 Pa. Superior Ct. 218, upon a review of the statutory provisions on the subject by our Brother BEAVER, this court held that the county might elect to proceed, for reimbursement, against the district of the lunatic's settlement, or the persons chargeable with his support. It may also, under the act of 1874, look to 'the estate and effects' of the lunatic. On the question of liability, the case in hand is not distinguishable, in any material aspect, from Com. v. Burton. Any question that might have arisen from the plaintiff's delay, growing out of a contest respecting the lunatic's settlement, is eliminated by the agreement of counsel, on the hearing below, that 'at the time of his commitment his place of legal settlement was in the central poor district of Luzerne county.' This district, therefore, is not prejudiced by the loss, through delay, of evidence by which a settlement elsewhere might have been shown. Whether defense may be made on the ground that recourse to the means of indemnity has been lost, through delay, by reason of the dissipation of the lunatic's estate, or the insolvency, death or removal of persons chargeable with his support, need not here be determined, since no such defense is presented or suggested." As already pointed out, these remarks are distinctly applicable to this case as the facts are presented in the petition and answer. These two cases are authoritative decisions directly on the point involved in this case, and should be followed, unless it can be shown clearly that they are unsound in principle and should be overruled, and this has not been done.

The other question in the case is as to the power of the court of quarter sessions to ascertain the amount of indebtedness, and order and enforce payment of the same

by the poor district to the county. This question has been considered in the immediately preceding case, and what we have said there applies here.

The order is affirmed at the costs of the appellant, and the record is remitted with a procedendo.